IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Webster Capital Finance, Inc, ) | |
| ) | C/A No. 5:09-1570-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **AMENDED ORDER** |
| Startrans, Inc., Robert L. Williamson, and ) | |
| Victor W. Thompson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On June 12, 2009, Plaintiff Center Capital Corporation ("Plaintiff") brought this action against Defendants Startrans, Inc. ("Startrans"), Robert L. Williamson ("Williamson"), and Victor W. Thompson ("Thompson") seeking money damages, attorney's fees and costs for Startrans's breach of five loan agreements with Plaintiff. Plaintiff also alleges causes of action for breach of contract against Williamson and Thompson based upon guaranties of the loans.

This case is before the court on Plaintiff's motion for default judgment against Williamson and Thompson, which was filed on November 16, 2009.[1] Entry 38. This case is also before the court on Plaintiff's motion for attorney's fees and costs, which was filed on June 29, 2010. Entry 56. On July 2, 2009, Thompson was served with a copy of the Summons and Complaint, Motion for Replevin, Affidavit of John N. Napierkowski with Exhibits A-AA, and Plaintiff's Responses to the Rule 23.01 Interrogatories by way of personal service to Thompson. Entry 16. On July 2, 2009, Startrans was served with a copy of the Summons and Complaint, Motion for Replevin, Affidavit of John N. Napierkowski with Exhibits A-AA, and Plaintiff's Responses to the Rule 23.01

---

[1] Plaintiff does not seek default judgment against Startrans, which has filed for relief pursuant to Chapter 11 of the Bankruptcy Code; Title 11, United States Code, Section 101, *et seq*.

Interrogatories via corporate service by serving Thompson. Entry 17. On July 17, 2009, Williamson was served with a copy of the Summons and Complaint, Motion for Replevin, Affidavit of John N. Napierkowski with Exhibits A-AA, and Plaintiff's Responses to the Rule 23.01 Interrogatories by way of personal service to Williamson. Entry 18. An Entry of Default against Thompson was entered by the Clerk of Court on July 27, 2009. Entry 22. An Entry of Default against Startrans was entered by the Clerk of Court on July 27, 2009. Entry 21. An Entry of Default against Williamson was entered by the Clerk of Court on August 11, 2009. Entry 28. None of the defendants have entered an appearance, answered or otherwise plead in response to the complaint.

## I. BACKGROUND

On March 17, 2004, Plaintiff and Startrans entered into Master Loan and Security Agreement Number 41311(the "Master Agreement"), for the loan of funds to procure equipment. Pursuant to Section 6(i) of the Master Agreement, failure to make a payment when due constitutes an Event of Default and triggers Plaintiff's rights and remedies as set forth in Section 7 of the Master Agreement. Plaintiff and Startrans entered into a total of five loan schedules.

On March 7, 2004 Plaintiff and Startrans entered into Loan Schedule No. 01 ("Schedule 01") pursuant to which Plaintiff lent Startrans $259,272.90 and Startrans agreed to make sixty consecutive monthly payments of $5,028.48 in repayment. To secure payment and performance of all obligations owed by Startrans under Schedule 01, Startrans granted Plaintiff a first priority security interest in the following:

> One (1) New 2003 Western Star Model 4900SA Tractor, VIN:5KJJALAS33PL83370; One (1) New 2004 Western Star Model 4900FA Tractor, VIN: 5KJJAECK34PM87819; One (1) New 2004 Volvo Model VNL64T Tractor, VIN: 4V4NC9GH94N357154 and any and all accessories, accessions, substitutions, replacement parts, replacements, attachment, proceeds and insurance proceeds.

2

("Schedule 01 Collateral"). Entry 39, Ex. C. Plaintiff subsequently released its liens on the 2004 Western Star Model 4900FA Tractor, VIN: 5KJJAECK34PM87819; and the 2004 Volvo Model VNL64T Tractor, VIN: 4V4NC9GH94N357154.

On March 19, 2004, Williamson and Thompson both executed Continuing Guaranties of Startrans's obligations under the Master Agreement and any schedules thereto. Entry 39, Ex. Y and Z. Pursuant to the Continuing Guarantees, Williamson and Thompson guaranteed the "prompt payment of all indebtedness, including, but not limited to, principal, accrued interest, costs, late charges, out of pocket expenses, and attorneys' fees, now due or hereafter becoming due to [Plaintiff] in connection with the Instruments [the Master Agreement and Schedules 01, 02, 03, 04 and 05] or collection thereon . . . and the timely performance by [Startrans] of all [Startrans's] obligations to [Plaintiff], whether they arise pursuant to the Instruments or otherwise. . . ." Entry 39, Ex. Y and Z. Each of the Continuing Guarantees executed by Williamson and Thompson also states: "This Guaranty is, and shall be construed to be, an absolute and unlimited guaranty of payment and performance, not a guaranty of collection, and Guarantor agrees to pay and/or reimburse [Plaintiff] for any attorney's fees and out of pocket costs incurred in connection with the collection on or enforcement of this Guaranty." Entry 39, Ex. Y and Z.

On February 28, 2006, Plaintiff and Startrans entered into Loan Schedule No. 2 ("Schedule 02") pursuant to which Plaintiff lent Startrans $504,540.00 and Startrans agreed to make sixty consecutive monthly payments of $10,164.78 in repayment. To secure payment and performance of all obligations owed by Startrans under Schedule 02, Startrans granted Plaintiff a first priority purchase money security interest in the following:

Five (5) New 2006 Peterbilt Model 379 Non-Sleeper Tractors, VINs:

3

>       1XP5DU9X36D661765, 1XP5DU9X56D661766, 1XP5DU9X76D661767, 1XP5DU9X96D661768, 1XP5DU9X06D661769 and any and all accessories, accessions, substitutions, replacement parts, replacements, attachment, proceeds and insurance proceeds.

("Schedule 02 Collateral"). Entry 39, Ex. I.

On May 1, 2006, Plaintiff and Startrans entered into Loan Schedule No. 3 ("Schedule 03") pursuant to which Plaintiff lent Startrans $504,540.00 and Startrans agreed to make sixty consecutive monthly payments of $10,184.27 in repayment. Entry 39, Ex. M. To secure payment and performance of all obligations owed by Startrans under Schedule 03, Startrans granted Plaintiff a first priority purchase money security interest in the following:

>       Five (5) New 2007 Peterbilt Model 379 Non-Sleeper Tractors, VINs: 1XP5DU9X87N674751, 1XP5DU9XX7N674752, 1XP5DU9X17N674753, 1XP5DU9X37N674754, 1XP5DU9X57N674755 and any and all accessories, accessions, substitutions, replacement parts, replacements, attachment, proceeds and insurance proceeds.

("Schedule 03 Collateral"). Entry 39, Ex. M.

On December 12, 2006, Plaintiff and Startrans entered into Loan Schedule No. 4 ("Schedule 04") pursuant to which Plaintiff lent Startrans $520,157.80 and Startrans agreed to make sixty consecutive monthly payments of $10,308.82 in repayment. Entry 39, Ex. Q. To secure payment and performance of all obligations owed by Startrans under Schedule 04, Startrans granted Plaintiff a first priority purchase money security interest in the following:

>       Five (5) 2007 International Model 9400i Tandex Axle Sleeper Tractors, VINs: 2HSCNSCR67C542606, 2HSCNSCR87C542607, 2HSCNSCRX7C542608, 2HSCNSCR17C542609, 2HSCNSCR87C542610 and any and all accessories, accessions, substitutions, replacement parts, replacements, attachment, proceeds and insurance proceeds.

("Schedule 04 Collateral"). Entry 39, Ex. Q.

On May 24, 2007, Plaintiff and Startrans entered into Loan Schedule No. 5 ("Schedule 05") pursuant to which Plaintiff lent Startrans $1,167,890.00 and Startrans agreed to make sixty consecutive monthly payments of $23,194.59 in repayment. Entry 39, Ex. U. To secure payment and performance of all obligations owed by Startrans under Schedule 05, Startrans granted Plaintiff a first priority purchase money security interest in the following:

> Eleven (11) New 2008 Kenworth Model T800 Tractors VINs: 1XKDDU8X58J216564, 1XKDDU8X28J216540, 1XKDDU8X88J216560, 1XKDDU8X38J216563, 1XKDDU8X18J216545, 1XKDDU8X58J216547, 1XKDDU8X38J216546, 1XKDDU8XX8J216544, 1XKDDU8X38J216532, 1XKDDU8X58J216533, 1XKDDU8XX8J216530, and any and all accessories, accessions, substitutions, replacement parts, replacements, attachment, proceeds and insurance proceeds.

(The "Schedule 05 Collateral"). Entry 39, Ex. U.

On or about October 31, 2007, Plaintiff and Startrans entered into five Amendment and Restatement of Loan/Lease Agreements which modified the terms of Schedules 01, 02, 03, 04, and 05 respectively. The principal balance under Schedule 01 was recalculated as $61,730.73, and was to be paid in twenty-one consecutive monthly payments as follows:

> Three (3) payments in the amount of Zero Dollars and Zero Cents ($0.00), followed by Three (3) payments of principal and interest each in the amount of Four Thousand Dollars and Zero Cents ($4,000.00), followed by Fifteen (15) payments of principal and interest each in the amount of Three Thousand Five Hundred and Sixty Two Dollars and Thirty Three Cents ($3,562.33). . . .

Entry 39, Ex. G. Subsequently, the monthly payment due under the Master Agreement and Schedule 01 was reduced to $1,731.23 due to the partial pay off of one of the tractors. The principal balance due under Schedule 02 was recalculated as $382,267.14, and was to be paid in forty-five consecutive monthly payments as follows:

> Three (3) payments in the amount of Zero Dollars and Zero Cents ($0.00), followed

5

by Three (3) payments of principal and interest each in the amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), followed by Thirty Nine (39) payments of principal and interest each in the amount of Ten Thousand Three Hundred and Seventy Six Dollars and Forty One Cents ($10,376.41). . . .

Entry 39, Ex. L. The principal balance due under Schedule 03 was recalculated as $388,333.67, and was to be paid in forty-six consecutive monthly payments as follows:

> Three (3) payments in the amount of Zero Dollars and Zero Cents ($0.00), followed by Three (3) payments of principal and interest each in the amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), followed by Forty (40) payments of principal and interest each in the amount of Ten Thousand Four Hundred and Eight Dollars and Twenty Four Cents ($10,408.24). . . .

Entry 39, Ex. P. The principal balance due under Schedule 04 was recalculated as $462,734.14, and was to be paid in fifty-four consecutive monthly payments as follows:

> Three (3) payments in the amount of Zero Dollars and Zero Cents ($0.00), followed by Three (3) payments of principal and interest each in the amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), followed by Forty Eight (48) payments of principal and interest each in the amount of Ten Thousand Five Hundred and Twenty Five and Twenty Eight Cents ($10,525.28). . . .

Entry 39, Ex. T. The principal balance due under Schedule 05 was recalculated as $1,110,010.79, and was to be paid in fifty-nine consecutive monthly payments as follows:

> Three (3) payments in the amount of Zero Dollars and Zero Cents ($0.00), followed by Three (3) payments of principal and interest each in the amount of Twenty Six Thousand Dollars and Zero Cents ($26,000.00), followed by Fifty Three (53) payments of principal and interest each in the amount of Twenty Three Thousand Seven Hundred and Thirty Five Dollars and Seventeen Cents ($23,735.17). . . .

Entry 39, Ex. X.

Startrans defaulted under the terms of Schedules 01, 03, and 05 by failing to make the payments as required by the Master Agreement and Schedules 01, 03, and 05 for February 15, 2009 and all payments due thereafter. Startrans defaulted under the terms of Schedule 02 by failing to

6

make the payment for March 1, 2009 and all payments due thereafter. Startrans defaulted under the terms of Schedule 04 by failing to make the payment for March 15, 2009 and all payments due thereafter.

Pursuant to Section 6 of the Master Agreement, "[u]pon the occurrence of an Event of Default, the Obligations under any or all Schedules may, at the option of Lender and without demand, notice, or legal process of any kind, be accelerated, and shall immediately become due and payable." Entry 39 at 22. On May 14, 2009, pursuant to Sections 6 and 7 of the Master Agreement and Schedules 01, 02, 03, 04 and 05, Plaintiff accelerated the amounts due and owing thereunder.

The principal amount due and owing under each of the Schedules as of the May 14, 2009 date of acceleration including overdue payments are as follows: 1) Schedule 01- $10,353.38; 2) Schedule 02- $281,274.80; 3) Schedule 03- $300,135.00 ; 4) Schedule 04- $367,443.34; and 5) Schedule 05- $947,585.29. The total amount of outstanding principal on Schedules 01, 02, 03, 04, and 05 is $1,906,791.81. Late charges due under each Schedule prior to acceleration were: 1) Schedule 01- $419.50; 2) Schedule 02- $8,544.66; 3) Schedule 03- $8,044.92; 4) Schedule 04- $8,115.12; and 5) Schedule 05- $18,141.12. The total amount of late charges due and owing prior to the acceleration date is $43,265.32. The total amount due and owing on Schedules 01, 02, 03, 04, and 05 as of the May 14, 2009 acceleration date was thus $1,950,057.13.

Interest accrues on Schedule 01 at a default interest rate of 3.95% and Schedules 02, 03, 04, and 05 at a default interest rate of 18%. Schedule 01 provides that the default interest rate applies to unpaid principal amounts as well as late charges. The default interest rates in Schedules 02, 03, 04, and 05, however, only apply to unpaid principal amounts. Based upon the foregoing, the per diem interest charge subsequent to the May 14, 2009 date of acceleration is as follows for each

7

Schedule: 1) Schedule 01- $1.16; 2) Schedule 02- $138.71; 3) Schedule 03- $148.01; 4) Schedule 04- $181.20; and 5) $467.30.

On November 18, 2009, Plaintiff sold the Schedule 01 Collateral for $10,000. Between May 14, 2009 and November 18, 2009 (188 days) $218.08 in interest accrued on Schedule 01. The total amount due and owing on Schedule 01 as of the November 18, 2009 sale date was $10,990.96. The sale of the Schedule 01 Collateral reduced the amount due and owing on Schedule 01 to $990.96. Default interest accrues on the remaining balance of Schedule 01 at a rate of $0.10 per day subsequent to the November 18, 2009 sale of the Schedule 01 Collateral.

On November 18, 2009, Plaintiff sold the Schedule 02 Collateral for $150,000.00. Between May 14, 2009 and November 18, 2009 (188 days) $26,077.48 in interest accrued on Schedule 02. The total amount due and owing on Schedule 02 as of the November 18, 2009 sale date was $307,352.28, plus $8,544.66 in late charges. The sale of the Schedule 02 Collateral reduced the amount of principal due and owing on Schedule 02 to $157,352.28. Default interest accrues on the remaining balance of Schedule 02 at a rate of $77.59 per day subsequent to the November 18, 2009 sale date of the Schedule 02 Collateral.

On March 4, 2010, Plaintiff sold the Schedule 03 Collateral for $148,500. Between May 14, 2009 and March 4, 2010 (294 days) $43,514.94 in interest accrued on Schedule 03. The total amount due and owing on Schedule 03 as of the March 4, 2010 sale date was $343,649.94, plus $8,044.92 in late charges. The sale of the Schedule 03 Collateral reduced the amount of principal due and owing on Schedule 03 to $195,649.94. Default interest accrues on the remaining balance of Schedule 03 at a rate of $96.48 per day subsequent to the March 4, 2010 sale date of the Schedule 03 Collateral.

On December 9, 2009, Plaintiff sold the Schedule 04 Collateral for $205,000.00. Between May 14, 2009 and December 9, 2009 (209 days) $37,870.80 in interest accrued on Schedule 04. The total amount due and owing on Schedule 04 as of the December 9, 2009 sale date was $405,314.14, plus $8,115.12 in late charges. The sale of the Schedule 04 Collateral reduced the amount of principal due and owing on Schedule 04 to $200,314.14. Default interest accrues on the remaining balance of Schedule 04 at a rate of $98.78 per day subsequent to the December 9, 2009 sale date of the Schedule 04 Collateral.

On December 15, 2009, Plaintiff sold the Schedule 05 Collateral for $644,500.00. Between May 14, 2009 and December 15, 2009 (215 days) $100,469.50 in interest accrued on Schedule 05. The total amount due and owing on Schedule 05 as of the December 15, 2009 sale date was $1,048,054.79 plus $18,141.12 in late charges. The sale of the Schedule 05 Collateral reduced the amount of principal due and owing on Schedule 05 to $403,554.79. Default interest accrues on the remaining balance of Schedule 05 at a rate of $199.01 per day subsequent to the December 15, 2009 sale date of the Schedule 05 Collateral. As of March 4, 2010, the date of the last sale of collateral, the total amount due and owing on all of the schedules was $993,471.54, plus $42,845.82 in late charges, which do not accrue interest. Subsequent to this date, default interest accrues at a total rate of $471.96 per diem.

In the Master Agreement, and Schedules 01, 02, 03, 04 and 05, the parties agreed that in the event of a default, Plaintiff can require Defendants to "pay all expenses of any sale, taking, keeping and storage of the Collateral, and all costs, including without limitation, all actual attorney's fees incurred by [Plaintiff] in its enforcement of the provisions of [the Master Agreement]. . . ." Entry 39 at 22. As of June 29, 2010, Plaintiff had incurred $16,302.50 in actual attorneys' fees and

$4,736.77 in costs for a total of $21,039.27. Plaintiff made demand upon Startrans, Williamson and Thompson for payment of the amounts due and owing, but Startrans, Williamson and Thompson have not responded with payment.

## II. DISCUSSION

A.  *Default Judgment*

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for the entry of default judgment by the Court against a party in default. *Id.* When a party defaults, all of the allegations against that party in the pleadings are deemed admitted. *See Certaineed Corp. v. Pinnacle Bldg. Solutions, Inc.*, C/A No. 3:07-72, 2007 WL 4287641 (D.S.C. Dec. 4, 2007). Williamson and Thompson have failed to plead or otherwise defend and are now in default. Therefore, Plaintiff is entitled to a default judgment against Williamson and Thompson pursuant to Rule 55(b). *See Bonnyview Music Corp. v. Jones E. of the Grand Strand*, 1992 U.S. Dist. LEXIS 22779, *9 (D.S.C. 1992). The allegations in Plaintiff's complaint as to Williamson and Thompson are deemed admitted.

B.  *Attorney's Fees and Costs*

Plaintiff seeks to collect actual attorney's fees and costs in the amount of $21,039.27 in accordance with the terms of the Master Agreement. The Fourth Circuit and Local Rule 54.02 mandate a twelve (12) factor analysis in determining an award of attorney's fees. *See Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). These factors are: 1) the time and labor expended, 2) the novelty and difficulty of the questions raised, 3) the skill required to properly perform the legal services rendered, 4) the attorney's opportunity costs in pressing the instant litigation, 5) the customary fee for like work, 6) the attorney's expectations at the outset of the

litigation, 7) the time limitations imposed by the client or circumstances, 8) the amount in controversy and the results obtained, 9) the experience, reputation and ability of the attorney, 10) the undesirability of the case within the legal community in which the suit arose, 11) the nature and length of the professional relationship between attorney and client, and 12) attorney's fees awards in similar cases. *Id.* at 226 n.28. District courts must make detailed factual findings in support of their conclusions on attorney's fees. *Id.* at 226.

Considering the above factors, the court finds that:

1. Plaintiff's counsel has expended 90.70 hours on this case.

2. Generally speaking, this was a routine breach of contract case.

3. Some skill was required to properly perform the legal services rendered in this case due to the large amount of documentation required to demonstrate entitlement to a default judgment.

4. It is not contended that Plaintiff's counsel lost opportunities by declining other work during the course of this representation.

5. Plaintiff seeks a rate of $225 per hour for lead counsel, and $175 and $100 per hour for associate counsel. These are standard rates for legal work of this nature.

6. Plaintiff's counsel expected that the beginning of this litigation that attorney's fees would be awarded based upon the terms of the Master Agreement and loan schedules.

7. Plaintiff does not contend that there were time limitations imposed by the client or the circumstances in this case.

8. The amount in controversy prior to the seizure and sale of the collateral exceeded $1,950,000. The result obtained was favorable due to the grant of default judgment in Plaintiff's favor.

9. Plaintiff's counsel is licensed to practice law in the state of South Carolina and is admitted to

practice before the United States District Court for the District of South Carolina.

10. This case may have been somewhat undesirable in the legal community because Defendants may be insolvent.

11. Plaintiff has not indicated to the court the length of its relationship with counsel.

12. The attorney's fees sought in this case are not inconsistent with attorney's fees awarded in similar cases that the court has seen.

In addition, the court notes that the Master Agreement provides that in the event of default, Defendants must pay all costs and all actual attorney's fees incurred by Plaintiff in enforcing the Master Agreement. Having reviewed the attorney's fees sought in this case and considering each of the *Barber* factors, the court concludes that an award of the fees charged by Plaintiff's counsel is fair and reasonable. The court further concludes that the contract between the parties also supports an award of the costs claimed by Plaintiff.

### III. CONCLUSION

For the reasons set forth above, the court hereby **grants** Plaintiff's motion for default judgment against Williamson and Thompson (Entry 38) and Plaintiff's motion for attorney's fees and costs (Entry 56).

**IT IS HEREBY ORDERED**:

Default judgment is entered jointly and severally against Robert L. Williamson, and Victor W. Thompson in the amount of $993,471.54, plus interest from March 4, 2010 to the date of this judgment at a rate of $471.96 per diem, plus late charges in the amount of $42,845.82 without interest, plus attorneys' fees and costs in the amount of $21,039.27. Post-judgment interest shall continue at the statutory rate.

**IT IS SO ORDERED**.

                                            <u>s/ Margaret B. Seymour</u>
                                            The Honorable Margaret B. Seymour
                                            United States District Judge

October 13, 2010
Columbia, South Carolina